UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucky L. Meyer,<br><br>          Plaintiff,<br><br>     v.<br><br>Target Corporation, et al.,<br><br>          Defendants.<br>_____/ | No. C 09-3293  JL<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION** |

**I.     Introduction**

The Court received Plaintiff's motion for leave to file a motion for reconsideration, under Civil Local Rule 7-9. Plaintiff also invoked Civil Local Rule 72, but that rule applies only to matters referred to a magistrate judge by the district court, under 28 U.S.C. §636(b), not matters decided with the consent of the parties, under 28 U.S.C. §636(c).  In this case, all parties have consented to this Court's jurisdiction.

Civil Local Rule 7-9 provides:

Civil Local Rule 7-9 (Motion for Reconsideration) provides:

(a)   Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

(b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Plaintiff complains of a number of actions by the Court:

1) Order for Plaintiff to appear for deposition by defense counsel within thirty days;

2) Order for Plaintiff to submit to Independent Medical Examination by orthopedic surgeon Dr. Charles di Raimondo, also within thirty days of the Court's order.

Both events are to take place at a mutually convenient day and time.

Plaintiff also complains that the Court has not dealt to her satisfaction with her complaints about her previous attorney, nor has the Court imposed "any adverse consequences" on that attorney for the offenses of which Plaintiff accused her. Plaintiff asserts that she has a right to counsel and that she was disadvantaged and deprived of her right to a fair hearing by not having an attorney to represent her. She re-raises the same arguments she previously made with respect to her former attorney.

Plaintiff also seeks to withdraw her consent to this Court's jurisdiction, saying that the consent form was signed by one of her former attorneys and she doesn't remember anyone discussing it with her.

**II.     Analysis**

**A.      Reconsideration of orders**

Plaintiff has raised no new arguments, either legal or factual, in her dispute about her deposition and her medical examination. Neither has she shown that the Court has committed manifest legal or factual errors in its rulings. She is the plaintiff in this case, she must eventually submit to her deposition, whether or not she has an attorney. Plaintiff alleges that, due to a fall on Defendant's premises, she suffered and continues to suffer from injuries to her back, neck, hip, wrist, and elbow, all of which cause permanent disabling pain. Therefore, the Court found ample justification for ordering that she make herself available for examination by Dr. Di Raimondo, an orthopedic surgeon.

Accordingly, the orders for Plaintiff to appear for her deposition and for the medical examination were not the result of manifest legal or factual error, nor did Plaintiff present any new evidence that would justify a change in the Court's decision. Therefore, Plaintiff's request for leave to file a motion for reconsideration of the Court's orders for here to appear for her deposition and for a medical examination is denied.

### B. Plaintiff must proceed, even without an attorney

Plaintiff also fails to present any new evidence or any basis for concluding that the Court erred in permitting her previous attorney to withdraw without "adverse consequences." This is Plaintiffs' second federal lawsuit in six years, her first having been filed in 2003 and dismissed January 11, 2007, following summary judgment for defendant, her former employer. This case was filed in state court April 20, 2009, almost one year ago, and removed to federal court by Defendant July 17, 2009. Plaintiff is familiar with the court system and capable of representing herself, at least in the preliminary stages. The Court left open the possibility of appointment of counsel, should the case proceed beyond summary judgment.

There is no right to counsel in a civil lawsuit. The Sixth Amendment provides for the right to effective assistance of counsel but it applies only for criminal cases, not civil cases. *Pokuta v. TWA*, 191 F.3d 834, 840 (7th Cir.1999) ("[T]he well-settled general rule is that there is no constitutional or statutory right to the effective assistance of counsel in civil cases."); *United States v. Bodre*, 948 F.2d 28, 37 n. 7 (1st Cir.1991) ("It is well-settled that

the Sixth Amendment right to effective assistance of counsel applies only to critical stages of criminal prosecutions."); see also *Anderson v. Sheppard*, 856 F.2d 741, 747-48 (6th Cir.1988) (" 'A criminal defendant's right to counsel arises out of the sixth amendment, and includes the right to appointed counsel when necessary.' In contrast, '[a] civil litigant's right to retain counsel is rooted in fifth amendment notions of due process; the right does not require the government to provide lawyers for litigants in civil matters.' ").

The Court found no wrongdoing by Plaintiff's former counsel, and Plaintiff has no right to be represented in this civil action. Therefore, there is no basis for reversing either the decision to permit her counsel to withdraw or declining to appoint counsel at this time.

### III.   Conclusion re leave to file a motion for reconsideration

Plaintiff fails to satisfy the requirements of Civil Local Rule 7-9 in her objections to this Court's ordering her to appear for deposition and for a medical examination. Plaintiff is also not entitled to appointment of counsel, and her former counsel was allowed to withdraw for good cause. For all the above reasons, Plaintiff's request for leave to file a motion for reconsideration is denied.

### IV.   Consent to this Court's jurisdiction

Under 28 U.S.C. §636(c), a magistrate judge may have jurisdiction over all proceedings, including trial, in a civil action, with the consent of the parties.  In this case there are in the court docket two consent forms filed on Plaintiff's behalf. The first was signed by Plaintiff's attorney Thomas Burch and e-filed by the courtroom deputy. The second was also signed by Thomas Burch and e-filed by another of Plaintiff's attorneys, Stephen O'Neill.

A party's consent is inferred from the consent of an attorney representing the party. A district court has held that even without a notice of consent, a plaintiff in a civil case had voluntarily consented to the jurisdiction of the magistrate judge when the attorneys for both sides had stated in a joint meet and confer statement that they did not object to the magistrate judge's jurisdiction for all purposes and the case proceeded through trial. *Warren v. Thompson*, 224 F.R.D. 236 (D.D.C. 2004), *citing Roell v. Withrow*, 538 U.S. 580

1  (2003). Nor may Plaintiff withdraw her consent. Withdrawal of consent in civil cases is not
2  permitted except in extraordinary circumstances, *Fellman v. Fireman's Fund Ins. Co.*, 735
3  F.2d 55, 58 (2d Cir. 1984) *see also Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020
4  (5th Cir. 1987) (court would not "read into the statute a rule that would allow a party to
5  express conditional consent . . . thereby obtaining what amounts to a free shot at a
6  favorable outcome or a veto of an unfavorable outcome.") This view was adopted by the
7  Ninth Circuit in *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Factors to consider include
8  the burdens and costs to litigants, and whether consent was voluntary and uncoerced.
9  *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 543 (9th
10 Cir. 1984), cert. denied 469 U.S. 824 (1984).

11  Plaintiff does not present any evidence that her consent was coerced or otherwise
12 involuntary, other than that she doesn't remember her attorney discussing it with her before
13 he signed the consent form on her behalf, as he was entitled to do. Dissatisfaction with
14 some of the Court's rulings is not grounds for withdrawal of consent and there is no
15 evidence of any extraordinary circumstances which would warrant such withdrawal. In
16 addition, switching judges at this late date, after the case has been pending for almost one
17 year, would be prejudicial to Defendants and not in the interests of justice.

18  Accordingly, Plaintiff's request to withdraw her consent to this Court's jurisdiction is
19 denied.

20  IT IS SO ORDERED.

21 DATED: April 7, 2010

_____
James Larson
United States Magistrate Judge

27 G:\JLALL\CASES\CIVIL\09-3293\Order denying reconsideration.wpd