United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucky L. Meyer, | No. C 09-3293  JL |
| Plaintiff, | **DISMISSAL WITH PREJUDICE** |
| v. | |
| Target Corporation, et al., | |
| Defendants. | |
| _____/ | |

**I.     Introduction**

After attempting without success to take Plaintiff's deposition or to have her examined by its retained orthopedic surgeon, Defendant moved this Court for an order finding Plaintiff in contempt for her disobedience of the Court's order for her to appear for deposition and be examined by the orthopedic surgeon and for an order dismissing Plaintiff's case, or imposing whatever other sanction the Court found appropriate under the circumstances. The matter was submitted without oral argument as provided by Civil Local Rule 7-1(b). Plaintiff filed a letter with the Court on July 28, 2010. In it she requested "the Court to rule on the motion Gail Trabish filed without my presence in this Court on August 4, 2010, at 9:30 a.m. . . . because my presence would cause gross hardship on me and is not necessary." (Id.) Plaintiff also made several other requests which are rendered moot by this order.

The Court carefully considered the moving and opposing papers, as well as the record in this case and hereby dismisses Plaintiff's complaint with prejudice, under Rule 37(b)(2)(A)(v), as a sanction for her willful disobedience of the Court's order to appear for her deposition.

**II. Background**

Plaintiff filed this personal injury matter in Napa County Superior Court on April 20, 2009, alleging damages arising out of an incident at the Napa Target store on May 19, 2007. Plaintiff contends that she slipped and fell and sustained injuries to her neck, elbow, wrist and back from which she continues to suffer disabling pain. Defendant removed the case to federal court on July 17, 2009, on the basis of diversity jurisdiction. The parties consented to this Court's jurisdiction under 28 U.S.C. §636(c)(see Dkt #s 4, 15).

On March 30, 2010, the Court granted the motion of Plaintiff's former counsel, Margaret S. Flynn, to withdraw. The Court also denied without prejudice Plaintiff's request for appointment of counsel, finding that, for the time being, Plaintiff was competent to pursue the litigation on her own. (Dkt #47). The Court left open the possibility of appointment of counsel, should the case proceed beyond summary judgment. Plaintiff requested leave to file a motion for reconsideration of this order on April 7, 2010 (Dkt #51), which the Court denied. The Court also granted Defendant's motion to compel deposition and independent medical examination ("IME") of Plaintiff. (Dkt #42). The Court found that Plaintiff bears the burden of proof in this personal injury matter and must therefore appear for her deposition by Defendant. Furthermore, Defendant must be able to test the veracity of Plaintiff's allegations that she has suffered and continues to suffer permanent injuries and disabling pain as a result of the alleged incident at the Target store. An IME is therefore warranted. The Court denied Plaintiff's request for leave to file a motion for reconsideration of the Court's order granting Defendant's motion to compel. (Dkt #50). On April 14, 2010, Plaintiff filed a notice of appeal seeking immediate review of the Court's orders denying appointment of counsel and ordering discovery to proceed. (Dkt #52).

This appeal was denied by the U.S. Court of Appeals for the Ninth Circuit on May 19, 2010, in Docket No. No. 10-15858, (LEAVY, RAWLINSON and CALLAHAN, Circuit Judges ) on grounds that "the orders challenged in the appeal are not final or appealable. See 28 U.S.C. § 1291; *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (order is not appealable unless it disposes of all claims as to all parties); see also *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986) (denial of appointment of counsel in civil case is not appealable). Consequently, this appeal is dismissed for lack of jurisdiction. "

Defendant then attempted, over a period of several months, to obtain compliance with this Court's order compelling discovery, specifically Plaintiff's appearance for deposition and independent medical examination ("IME").

### III.     Attempts to Obtain Discovery

**A.     Chronology of Defendant's Efforts to Comply with March 30, 2010 Order:**

On March 31, 2010, defense counsel left Plaintiff a voice mail message asking her to return the call so that her deposition and IME could be set. Having not received a return telephone call and as defense counsel was leaving for vacation on April 2, 2010, a letter dated April 1, 2010, providing her potential dates for the deposition, as well as dates that Dr. Di Raimondo was available for the IME was sent to plaintiff. See Declaration of Gail C. Trabish. In said letter, Plaintiff was asked to contact defense counsel's secretary before April 9th to advise her which of these dates she would attend.

On April 20, 2010, Plaintiff called defense counsel and her call was returned. During this telephone call Plaintiff provided defense counsel with several dates that she had available for her deposition and IME. She advised that she was available for her deposition on May 20, 2010. After Dr. Di Raimondo's availability was verified, plaintiff was contacted again, and confirmed the date. May 19, 2010 was confirmed for her IME. A letter confirming these dates, and an Amended Deposition Notice were sent to Plaintiff. The deposition notice called for the deposition to take place at Esquire Court Reporters, with the address on Sansome Street in San Francisco. The IME was to take place on May 19, 2010 at 10:30

a.m. (Declaration of Gail C. Trabish.) Also, during this same telephone call, Plaintiff inquired about Dr. Di Raimondo, and she was advised that Dr. Di Raimondo was not an employee of Target, further that he is a board certified orthopedist with a private practice in Concord, CA, and that he had been retained to perform an Independent Medical Exam of plaintiff. (Declaration of Gail C. Trabish.)

It was subsequently discovered that that the address for Esquire Court Reporters was not Sansome Street, but Montgomery Street, in San Francisco. Accordingly, plaintiff was sent a letter dated April 26, 2010 advising her of this change, and enclosing an Amended Deposition Notice with the correct address of Esquire Court Reporters for her deposition set for May 20, 2010. Declaration of Gail C. Trabish.

On April 30, 2010, Plaintiff called to reschedule her deposition set for May 20, 2010. She stated that the reason for the cancellation was because she had three appointments on May 20th and will be unable to attend her deposition. She advised that she was available any time after May 20th. (Declaration of Brenda J. Bruessard.) On April 30, 2010, a voice mail message was left for plaintiff advising that we had dates available to reschedule her deposition and asked her to call as soon as possible to reschedule her deposition. In the voice-mail message, she was reminded that the IME set with Dr. Di Raimondo was set for May 19, 2010. (Declaration of Brenda J. Bruessard.)

On May 3, 2010, a voice mail message was left for plaintiff advising her to contact the office to reset her deposition. In the message, she was given the potential dates of May 21, 24 or 28 for her deposition and again reminded of the IME on May 19th. (Declaration of Brenda J. Bruessard.)

On May 4, 2010, plaintiff called defense counsel's office and left a voice mail message advising that May 28, 2010 "seemed like it might be okay" for her deposition. A letter confirming this call and an Amended Deposition Notice with the new date was sent to plaintiff. (Declaration of Gail C. Trabish.)

1  On the morning of May 19, 2010, the date set for the IME, Plaintiff called defense
2  counsel's office to advise that she would not be appearing at the IME. On that same date,
3  via U.S. Mail, Defense Counsel also received a "Verification of Brake Failure and Vehicle
4  Unsafe to Operate". Attached to this "Verification" was Sims Automotive estimate for repair
5  dated May 17, 2010. The address for Sims Automotive on the invoice reflected that it was
6  located in Fairfield, California. Also attached to this "Verification" were two receipts from
7  Wal-Mart; one for tires dated May 5, 2010 and another for other automotive work dated
8  February 10, 2010. The envelope for this "Verification" reflected a postmark indicating that
9  it had been mailed from Napa, California on May 17, 2010. (Declaration of Gail C. Trabish.)
10 Thus, although plaintiff's receipts from Sims Automotive was dated May 17, 2010 and the
11 "Verification" was mailed to defense counsel on May 17, 2010, Defendant was not in
12 receipt of this notification until the morning of the day it was to take place. This late
13 notification did not allow sufficient time to cancel it in time to avoid being charged by the
14 doctor, and a fee of $300 was incurred. (Declaration of Gail C. Trabish.)

15  Given the late notice of cancelling the IME, Plaintiff was sent a letter dated May 20,
16 2010 to her post office box in Vallejo advising her that if she was not going to appear at her
17 deposition to please advise on a timely basis so that no further expense would be incurred.
18 (Declaration of Gail C. Trabish.)

19  On May 27, 2010, Plaintiff left a voice mail in which verbatim she stated, "Hi, this is
20 Lucky Meyer. I picked up my mail today. I – there is no way that I'm going to make this
21 tomorrow. I don't have money so uh sorry. Thank you. Bye." (Declaration of Brenda J.
22 Bruessard.)

23  On May 28, 2010, Plaintiff was sent a letter asking that she call the office by June 4,
24 2010, to re-set her deposition. Several possible dates were provided (June 8, 10, 11 or 14,
25 2010). (Declaration of Gail C. Trabish.)

26  As no response to this letter was received, on June 7, 2010, a call was made to
27 Plaintiff by defense counsel's secretary, Brenda Bruessard, and a voice mail message was
28 left, again asking her to return the call to reset her deposition. (Declaration of Brenda J.

Bruessard.)

On June 9, 2010 Plaintiff called and advised that she was "very busy right now" but wanted another message left explaining why we were calling her. Plaintiff explained that she would call back with a response. Another call was then placed to plaintiff and another voice mail message left advising that defendant's wanted to reschedule the deposition as ordered by the court, that we would like to know her available dates, and that defense counsel was available for the deposition at 9 a.m. on any of the following dates: June 11, 14, 15, 16 or 17. Plaintiff was asked to please return the call as soon as possible. (Declaration of Brenda J. Bruessard.)

On June 10, 2010, Plaintiff called leaving a voice mail message that everything defense counsel needed to hear or understand would be in a letter. (Declaration of Brenda J. Bruessard.)

On June 14, 2010, Plaintiff mailed from Oakland "Correspondence for the Record," in which plaintiff again refuses to submit to the IME with Dr. Di Raimondo or be deposed as ordered by this court on March 30, 2010. Declaration of Gail C. Trabish.

Defendant finally gave up and filed a motion for a contempt finding against Plaintiff.

**B.    Plaintiff's Response**

Plaintiff filed a motion to remand and two other documents, which are arguably responsive to Defendant's motion.

The first responsive document is entitled "Verification of Brake Failure and Vehicle Unsafe to Operate." In it Plaintiff narrates her trip to Walmart (located in Fairfield, California) to buy a new tire and to Sims Automotive (also in Fairfield) to have her brakes repaired. (Exhibits to Verification). The Court notes for the record that on the mechanic's receipt Plaintiff's car is described as a 2004 KIA Sedona, and on the Walmart receipt the mileage is 88,113.  This is not a junker. The mechanic's receipt also contains the handwritten notation: "Brakes on vehicle unsafe to be driven." This presumably refers to their condition prior to the repair. The mechanic replaced the front brake rotors and pads.

(Exhibit to Verification)

Plaintiff argues that "I do not have any money or any way to travel to San Francisco for the deposition and Concord for examination by the orthopedist in May 2010. Even so, I need transportation and I will try to borrow money to get the repairs done as soon as possible." She asks the Court to review her in forma pauperis application in Napa County Superior Court, where she first filed her complaint in this case. She still wants to continue her case.

The second responsive document is entitled "Response to Defendant's Opposition to Remand and Defendant's Motion for Contempt Order." Plaintiff begins by disputing the Procedural Background and bashes both her own former attorney and also defense counsel. Plaintiff describes the defense motion for contempt as "paranoid." She demands that her deposition take place "half way between Vallejo California (Vallejo is where Plaintiff claims to live at least some of the time and where she maintain a Post Office box) and Oakland California" (where defense counsel's office is located) and that her medical exam be conducted "halfway between Vallejo and Concord." (Dr. Di Raimondo's office is located in Concord). Plaintiff makes no offer of when she might be available for either her deposition or her medical exam. Plaintiff complains that "I do not have any money to even eat, I cannot afford to repair my unsafe vehicle, it hurts to sit in one position for a long time, my vehicle might not make it as far as San Francisco and Concord, and I would end up living out of a shopping cart if I failed." She also complains about being charged for copies of her legal file from her former attorney. She continues to contend that the orthopedic surgeon is a Target employee. She disputes defense counsel's inference that she can actually get herself to different parts of the Bay Area because she receives mail in one place, sends letters from another and shops in yet another. Plaintiff's excuse is that friends mail letters for her or she may be visiting friends in another city when her vehicle breaks down.

**IV.   Analysis**

**A.   Defendant has complied with Local Rules to Meet and Confer**

Defense counsel has attempted to meet and confer with Plaintiff as required by Local Rule 37.1 prior to bringing its motion. Plaintiff agreed to the dates for her deposition and IME but failed to appear at either. Although she claims that she has car problems, the court should note that (1) her post office box where mail is regularly sent to her and which she acknowledges receiving is located in Vallejo, (2) her car has been serviced in Fairfield, (3) plaintiff has sent mail from Napa and Oakland.

**B.   The Discovery Sought is Appropriate**

FRCP 30(a) allows for the deposition of "any person, including a party." F.R.C.P. 35(a) allows for the examination of a party limited to whatever condition is "in controversy" in the action. Plaintiff put her physical condition "in controversy" by claiming injuries thereto resulting from Defendant's acts. *Schlagenhauf v. Holder* (1964) 379 U.S. 104. As Plaintiff is claiming various orthopedic injuries to her neck, back, knees and ankles and has previously sought treatment through Kaiser, physical therapists and chiropractors, an examination by Dr. Di Raimondo, an orthopedist, is warranted. Dr. Di Raimondo is board certified and has already been provided with plaintiff's medical record for review.

Defendant disputes the nature and extent of Plaintiff's injuries, causation by the subject incident, as well as the reasonableness and necessity of her medical treatment and her inability to work. Both the deposition of the plaintiff and her independent medical exam seek information that is pertinent to the issues in this case and is necessary for the defense of this action. F.R.C.P. 26 provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. In addition, for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

**C.   Plaintiff is in Contempt of this Court's Order**

This Court's Order is clear and unambiguous. Plaintiff was to make herself available for deposition in San Francisco and for an IME with Dr. Di Raimondo in Concord. Federal Rule of Civil Procedure Rule 37(b) (2) provides in pertinent part:

| | | |
|---|---|---|
| (A) | | For Not Obeying a Discovery Order. If a party…..fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following: |
| | (i) | directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; |
| | (ii) | prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; |
| | (iii) | striking pleadings in whole or in part; |
| | (iv) | staying further proceedings until the order is obeyed; |
| | (v) | dismissing the action or proceeding in whole or in part; |
| | (vi) | rendering a default judgment against the disobedient party; or |
| | (vii) | treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination |
| (B) | | For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person. |
| (C) | | Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. |

Having failed to attend her deposition and her IME as ordered by the court, after traveling between Vallejo (where she picks up her mail), Fairfield (where she gets her car

repaired), Napa (where she requests the deposition and IME take place and mails correspondence) and Oakland (where she mails correspondence), it is apparent that Plaintiff is willfully disobeying this Court's order. Plaintiff apparently has no intention of obeying this court's order and thus is in contempt, at least for her refusal to appear for her deposition. The rule provides an exemption from contempt for failure to appear for a physical examination, at 37(b)(2)(A)(v).

### V. Conclusion and Order

The Court finds that Plaintiff has not cooperated with any attorney in this case, including her own, and that Plaintiff has willfully disobeyed an order of this Court. Plaintiff has the burden of proof in this case and Defendant is entitled to test that proof by at a minimum taking her deposition and having a qualified physician examine her and verify her injuries. Plaintiff claims to have physical and mechanical problems getting around the Bay Area, but is apparently mobile when it suits her. Accordingly, for Plaintiff's willful failure to comply with this Court's direct order, issued after many good faith attempts by defense counsel to arrange this discovery cooperatively, the Court concludes that the only fair thing to do is to dismiss Plaintiff's complaint. However, in light of Plaintiff's lack of resources, the Court declines to order Plaintiff to pay Defendant's fees and costs, even though they were incurred as a direct result of Plaintiff's actions and inactions as described above. Accordingly, Plaintiff's complaint is dismissed with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

DATED: August 5, 2010

_____
James Larson
United States Magistrate Judge

G:\JLALL\CASES\CIVIL\09-3293\DISMISSAL.wpd